31

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
-BROWNSVILLE DIVISION-

United States District Court
Southern District of Texas
ENTERED

FEB 0 8 2000

Michael N. Milby, Clerk of Court
By Deputy Clerk

| | |
|---|---|
| JUAN JOSE PEREZ, III, § | |
| Plaintiff, § | |
| § | |
| VS. § | CIVIL ACTION NO. B-98-44 |
| § | |
| SHERIFF LARRY SPENCE, § | |
| Defendant. § | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Pending before this Court is a Motion for Summary Judgment pursuant to Fed. R. Civ. P. 56(c) filed by the Defendant Sheriff Larry Spence ("Sheriff Spence"). (Docket No. 18). Plaintiff, Juan Jose Perez III ("Mr. Perez"), has filed a Response to Defendant's Motion for Summary Judgment. (Docket No. 19).

### FACTUAL SUMMARY

The following factual summary is derived from Plaintiff's Second Amended Complaint (Docket No. 25), the Defendant's Motion for Summary Judgment (Docket No. 18), and Plaintiff's Response to Defendant's Motion for Summary Judgment (Docket No. 19).

In Mr. Perez's Second Amended Complaint, Celia Perez, Mr. Perez's common law wife, is added as a plaintiff. She asserts a cause of action against the Sheriff for "...loss of emotional and financial support including solace, comfort, loss of affection, society, assistance, companionship, consortium, sexual relations necessary to a successful marriage, and diminution of her husband's earning power." Mr. Perez's children were also added as plaintiffs and their causes of action include, "...loss of emotional and financial support including diminution of their father's earnings [sic] power

and loss of affection."

Mr. Perez was arrested on September 15, 1996, for parole violations and was incarcerated at the Willacy County Jail. Mr. Perez states in his Second Amended Complaint that during his stay at the Willacy County Jail, he slipped in the shower and hit his back on the commode. He was transported to Valley Baptist Medical Center where it was found that he had aggravated a previous back injury. The treating physician instructed Mr. Perez to stay off his feet and to use ice packs to reduce the swelling and bruises he sustained during his fall. Mr. Perez alleges that upon return to the jail, the Sheriff showed deliberate indifference to his medical needs. Sheriff Spence maintains that Mr. Perez was provided with adequate medical care.

## SUMMARY JUDGMENT STANDARD

Summary judgment is proper only when it appears that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); *Ellison v. Connor*, 153 F.3d 247, 251 (5th Cir. 1998). Disputes concerning material facts are genuine "...if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Douglass v. United Auto Ass'n.*, 79 F.3d 1415, 1429 (5th Cir. 1996) (*en banc*) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). An issue is "material" if it involves a fact that might affect the outcome of the suit under governing law. *Douglass*, 79 F.3d at 1429. Once the moving party presents the district court with a properly supported motion for summary judgment, the burden shifts to the nonmoving party to show that summary judgment is inappropriate. *Morris v. Covan Worldwide Moving, Inc.*, 144 F.3d 377, 380 (5th Cir. 1998). The nonmoving party may not rest upon the mere allegations or denials of its pleadings, and unsubstantiated or conclusory assertions that

2

a fact issue exists will not suffice. *Anderson*, 477 U.S. at 256. The nonmoving party must go beyond the pleadings and designate specific facts showing there is a genuine issue for trial. *Stults v. Conoco, Inc.*, 76 F.3d 651, 656 (5th Cir. 1996). Summary judgment evidence is viewed in the light most favorable to the party opposing the motion. *Eastman Kodak v. Image Technical Services*, 504 U.S. 451, 456-58 (1992). In addition, factual controversies are resolved in favor of the nonmovant, but only when both parties have submitted evidence of contradictory facts, thus creating an actual controversy. *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (*en banc*). See also *Burge v. Parish of St. Tammany*, 187 F.3d. 452 (5th Cir. 1999).

## RECOMMENDATION

Since the only defendant named in this case is Sheriff Spence it is necessary for the Court to address only two issues in regards to the resolution of the Motion for Summary Judgment. The first issue is Mr. Perez's 42 U.S.C. § 1983 claim brought against the Sheriff for an alleged violation of his 8th Amendment right to receive adequate medical attention while incarcerated in jail. The second issue is Mr. Perez's state law claim of negligence brought under the Texas Tort Claim Act, Tex. Civ. Prac. & Rem. Code 101.022, and the state law claims brought by his family members.

### A. LIABILITY UNDER 42 U.S.C. § 1983

The Fifth Circuit has established a standard for stating a claim under the 8th Amendment for alleging a deprivation of medical care. The test is that a "...prison official knew of and disregarded 'an excessive risk to inmate health or safety.'" *Harris v. Hegmann*, 198 F.3d 153, 159 (5th Cir. 1999) (quoting *Stewart v. Murphy*, 174 F.3d 530, 533 (5th Cir. 1999)). The Court goes on to say in reference to this test, "For an official to act with deliberate indifference, the 'official must both be

3

aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference.'"[1] *Id.*

Applying the facts of the case at hand to the deliberate indifference standard, it is clear that Mr. Perez has failed to present any evidence that the Sheriff's behavior connected to the incident in question was '...a disregard of an excessive risk to inmate health or safety.' Sheriff Spence has submitted evidence to the contrary. Defendant's Exhibit H are Mr. Perez's medical records from the jail and show that he was taken to a physician on October 7, 1996, October 24, 1996, November 12, 1996, December 12, 1996 and December 17, 1996. Further, the records reflect that he received his prescription medication on a daily basis between October 9, 1996 and January 26, 1997. Therefore, the claim against Sheriff Spence, in his official capacity, for violation of the Plaintiff's 8th amendment rights should be dismissed for failure to show he acted with deliberate indifference to Mr. Perez's medical needs.

B. OFFICIAL IMMUNITY

Mr. Perez has also brought suit against the Sheriff for negligence for failing to install slip-proof mats in the Willacy County Jail. Texas law, however, "...provides (official) immunity from a suit for matters arising from the performance of their discretionary duties, as long as they are acting in good faith and within the scope of their authority." *Wren v. Towe,* 130 F.3d 1154, 1160 (5th. Cir. 1997). Mr. Perez has not presented any evidence which would allow the Court to conclude the Sheriff acted in bad faith. Rather, the plaintiff has only made conclusory allegations that mats should

---

[1] This standard is to be applied to both pre-trial detainees and convicted detainees. See *Olabisiomotosho v. City of Houston,* 185 F.3d 521 (5th Cir. 1999), where the 5th Circuit applied the deliberate indifference standard to a pretrial detainee.

4

have been installed in the showers at the jail. Therefore, Sheriff Spence should be entitled to official immunity for any state law claims arising out of the incident on which this suit is based.

Because Mr. Perez has no cause of action against Sheriff Spence, his family is also precluded from bringing a cause of action against the Sheriff.[2] See *Howard, M.D. v. Fiesta Texas Show Park, Inc.*, 980 S.W.2d 716 (Tex. App.-San Antonio 1998, pet. denied); where the Court held that claims for loss of consortium and loss of services are derivative of the injured family member's cause of action for personal injuries and are subject to the same statute of limitations and defenses that preclude liability. Hence, all state law claims brought by all plaintiffs against the Sheriff should be dismissed.

IT IS THEREFORE **RECOMMENDED** that Defendant's Motion for Summary Judgment pursuant to Fed. R. Civ. P. 56(c) **GRANTED** in its entirety and this case be **DISMISSED.**

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a Magistrate Judge's report and recommendation within 10 days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. *Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

DONE at Brownsville, Texas, this 4th day of February, 2000.

_____
John Wm. Black
United States Magistrate Judge

5